UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOSEPH C. HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-495 |
| | ) | (PHILLIPS/SHIRLEY) |
| RUSSELL BARKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Plaintiff's "Affidavit in Support of Request for Leave to Appeal In Forma Pauperis" [Doc. 43], which has been referred to this Court by order [Doc. 45] of the District Court, pursuant to 28 U.S.C. § 636(b) and the Rules of this Court, for disposition or for report and recommendation as may be appropriate. The Plaintiff has filed the above described Affidavit [Doc. 43] and a "Notice of Appeal" [Doc. 42]. Taking these documents together, this Court and the District Court have accorded the Plaintiff a degree of latitude in his filing and will treat his filings as a motion for leave to appeal *in forma pauperis*. [See Doc. 45].

In his affidavit/motion, the Plaintiff asks to proceed on appeal without payment of fees or costs. The Plaintiff states that he is incarcerated, has no job, has no assets, and has debts that he is unable to pay. [Doc. 43 at 2]. In his Notice of Appeal [Doc. 42], the Plaintiff states the nature of the action he intends to pursue on appeal and the reasons for his belief that he is entitled to redress on appeal. His appeal is premised upon his contention that this Court has "completely ignored Plaintiff" because the Court is sympathetic to and under the control of the Defendant John Phillip Harber. The Plaintiff has not filed certified copies of the transactional records from his prison trust

funds.

> Title 28, Section 1915 of the Rules of Appellate Procedure requires that:
>
>> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit [of asset and nature of the appeal], shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). As previously stated, the Plaintiff has not submitted any trust fund account statements and has failed to comply with this provision. Further, the Court notes that the Plaintiff's contention that the courts in this District have ignored him may not have been made in good faith, and thus, may not be eligible for *in forma pauperis* status under 28 U.S.C. § 1915(a)(3). Thus, the Court finds that the Plaintiff has not complied with the requirements delineated in 28 U.S.C. § 1915, and therefore, the Court finds that his motion is not well-taken.

Even assuming *arguendo* that the Plaintiff had complied with the statutory requirements and his appeal was being brought in good faith, the Court finds that his appeal would be an interlocutory appeal, because it is being made prior to the entry of a judgment in this matter. Title 28, section 1292 governs interlocutory appeals and states that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

2

28 U.S.C. § 1292(b). The Plaintiff has not specified which order in this case he intends to appeal. Further, the District Court has not found that the issues presented by the Plaintiff are either pivotal or debatable. Accordingly, the Court finds that even assuming that the Plaintiff had complied with the requirements delineated in 28 U.S.C. § 1915, his interlocutory appeal is not well-taken because it has not complied with the requirements of 28 U.S.C. § 1292.

Based on the foregoing, the Court finds that the Plaintiff's Affidavit/Motion **[Doc. 43]** is not well-taken, and it is hereby **RECOMMENDED**[1] that the motion be **DENIED**.

                                      Respectfully Submitted,

                                        s/ C. Clifford Shirley, Jr.
                                      United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).