**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

JOSEPH C. HOLMES,                              )
                                               )
        Plaintiff,                             )
                                               )
v.                                             )        No.  3:08-CV-495
                                               )        (Phillips/Shirley)
RUSSELL BARKER, VAUGHN BECKER,                 )
JUDGE DON LAYTON, PAM BECK,                    )
PHILLIP HARBER, JOHN DOE and                   )
JANE DOE,                                      )
                                               )
        Defendants.                            )

**MEMORANDUM OPINION**

        Plaintiff Joseph C. Holmes has brought this action against various Tennessee

officials and a private attorney asserting civil rights claims pursuant to 42 U.S.C. §§ 1983

and 1985.  Defendant Philip Harber has filed a motion to dismiss pursuant to Rule 12(b)

of the Federal Rules of Civil Procedure [Doc. 25].

**I.  Background**

        In 1986, plaintiff Joseph Holmes was convicted in Arizona state court of child

molestation and dangerous crimes against children.  Holmes was sentenced to a prison

term of seventeen years in the Arizona Department of Corrections. He was released from custody in July 2003.

Holmes moved to Clinton, Tennessee in July 2006. In January 2007, he was arrested in Anderson County for an alleged sex offender registration violation. Holmes was found guilty and was given a suspended sentence of 364 days in jail on the condition that he relocate and not return to Tennessee. Holmes currently is incarcerated in the State of Georgia, on a charge of failing to register as a sex offender.

Holmes filed the instant complaint in the United States District Court for the District of Arizona against various Tennessee officials and a private attorney, Philip Harber. Holmes alleges that he moved to Clinton, Tennessee to work for Harber investigating various townsfolk to acquire information that could be used by Harber to slander or blackmail the individuals. Holmes claims that Harber may have sought to run him out of town given his knowledge of Harber's alleged unlawful activities. Holmes further claims that in retaliation for investigating prominent Clinton residents, the other defendants conspired to bring false criminal charges against him, banish him from Tennessee, and have him listed on the National Sex Offender Public Website. Holmes' complaint asserts civil rights claims pursuant to 42 U.S.C. §§ 1983 and 1985. Holmes seeks injunctive relief and $10 million dollars from each defendant.

By order entered November 26, 2008, the United States District Court for the District of Arizona transferred the case to the Eastern District of Tennessee. For the reasons which follow, defendant Philip Harber's motion to dismiss will be granted and this action will be dismissed in its entirety.

## II.  Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

## A. Philip Harber's Motion to Dismiss

Defendant Philip Harber has moved to dismiss Holmes' claims against him pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

To state a cause of action under 42 U.S.C. § 1983, Holmes must allege the "deprivation of rights secured by the United States Constitution or a federal statue by a person who is acting under color of state law." *Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003). Whether state action is present in a case involving private parties depends on whether the conduct allegedly causing the deprivation of a federal right can be fairly attributable to the state. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). Although the court is required to read *pro se* complaints liberally, *(see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)), a plaintiff must plead specific facts backing up his claims of civil rights violations.

Here, even accepting the allegations in Holmes' complaint as true, the court finds the complaint fails to allege a conspiracy between Harber and the other defendants to deprive Holmes of his civil rights. Although it is true that private parties jointly engaged with state or local officials in prohibited conduct can be said to act under color of state law, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970), general allegations of cooperation between private individuals and government agencies do not make out a claim of action taken under color of law. In particular, the nature of the relationship or cooperation between the state and private parties must be pled in detail. *Glaros v. Perse*, 628 F.2d 679

4

(1ˢᵗ Cir. 1980); *Colburn v. Upper Darby Township*, 883 F.2d 663 (3ʳᵈ Cir. 1988). Conclusory allegations of a conspiracy are insufficient to survive a motion to dismiss under Rule 12(b)(6). *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6ᵗʰ Cir. 1987) (conspiracy claim properly dismissed where "complaint merely alleged broad conclusory language void of the factual allegations necessary to support a conspiracy theory"). Accordingly, Holmes' claims against Philip Harber are hereby **DISMISSED** for failing to plead facts sufficient to support an action under § 1983. The court will next address whether Holmes can proceed against the remaining defendants.

## B. Judge Don Layton

In Holmes' notice regarding service of Kathy Kroeger filed in the United States District Court for the District of Arizona [Doc. 13], he states "Judge Don Layton is not a party to this suit any longer." The court will interpret this language as a motion for voluntary dismissal of Judge Layton, which motion is **GRANTED**, and Don Layton is hereby **DISMISSED** as a party defendant.

## C. Russell Barker, Vaughn Becker, and Pam Beck

By order entered in the United States District Court for the District of Arizona, the court ordered Holmes to promptly inform the Marshals Service of the names of the specific defendants he wanted served, along with the addresses or locations of such defendants. Holmes was ordered to complete service upon defendants by October 6, 2008, or his case would be dismissed against any unserved defendants [Doc. 19]. On

January 21, 2009, the summonses were returned unexecuted as to Pam Beck, Russell Barker and Vaughn Becker [Docs. 37, 38, 39]. Because Holmes has failed to serve these defendants with service of process, pursuant to the court's order, his claims against Pam Beck, Russell Barker and Vaughn Becker are hereby **DISMISSED.**

### D.  John and Jane Doe Defendants

Holmes filed his complaint on January 29, 2008. He has yet to identify any of these unknown officers and, because he has failed to identity them, he has also failed to serve them, clearly in violation of the 120-day window provided by Federal Rule of Civil Procedure 4(m). Normally, a dismissal on Rule 4(m) grounds is without prejudice. However, this observation, while technically correct, is of little practical relevance given the fact that even if Holmes were permitted to file his claims today against any other defendant, those claims would be barred by the applicable statute of limitations. *See* 3 Moore's Federal Practice, § 4.82[3] ("[A]ny dismissal ordered [under Rule 4(m)] after expiration of the statute of limitations for failure to establish good cause will be, in effect, with prejudice since plaintiff will be precluded from commencing a new action."). Holmes' claims arose in January 2007, and the applicable statute of limitations in this case, Tenn. Code Ann. §28-3-104(3), is one year. Thus, even if the court were to dismiss the claims against the unknown officers without prejudice pursuant to Rule 4(m), his claims against them would clearly be time-barred. Consequently, Holmes' claims against the unknown officers will be **DISMISSED.**

### III.  Conclusion

For the reasons stated above, this action is **DISMISSED WITH PREJUDICE** against all defendants.  Any remaining motions are denied as moot.


**ENTER:**

_____s/ Thomas W. Phillips_____
United States District Judge